# EXHIBIT A

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **SHIRLEY WERNER KORNREICH** J.S.C.
                                    Justice

PART 54

Index Number : 650841/2013
GEM HOLDCO, LLC
vs.
CHANGING WORLD TECHNOLOGIES,
SEQUENCE NUMBER : 021
OTHER

INDEX NO. _____
MOTION DATE _____
MOTION SEQ. NO. _____

The following papers, numbered 1 to _____, were read on this motion to/for _____

| Notice of Motion/Order to Show Cause — Affidavits — Exhibits | No(s). 567-570, 573 |
| Answering Affidavits — Exhibits | No(s). |
| Replying Affidavits | No(s). |

Upon the foregoing papers, it is ordered that this motion is

decided in accordance with the attached decision.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S): _____

Dated: 8/4/16

_____, J.S.C.
SHIRLEY WERNER KORNREICH, J.S.C.

1. CHECK ONE: ......................... ☒ CASE DISPOSED   ☐ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...........MOTION IS: ☐ GRANTED   ☐ DENIED   ☒ GRANTED IN PART   ☐ OTHER
3. CHECK IF APPROPRIATE: ............................. ☐ SETTLE ORDER   ☐ SUBMIT ORDER
                                                       ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 54
-----------------------------------------------------------------X
GEM HOLDCO, LLC and GEM VENTURES, LTD.,                           Index No: 650841/2013

                Plaintiffs,                                                **DECISION & ORDER**

    -against-

CHANGING WORLD TECHNOLOGIES, L.P,
CWT CANADA II LIMITED PARTNERSHIP,
RESOURCE RECOVERY CORPORATION, JEAN
NOELTING, RIDGELINE ENERGY SERVICES, INC.,
DENNIS DANZIK, DOUGLAS JOHNSON, and
KELLY SLEDZ,

                Defendants.
-----------------------------------------------------------------X
SHIRLEY WERNER KORNREICH, J.:

      Familiarity with this action and the numerous decisions of this court and the Appellate Division is presumed. All defined terms used herein have the same meaning as in the court's prior decisions.

      This decision addresses motion sequence numbers 21 and 22, which are consolidated for disposition. In Motion 21, the CWT Parties move, pursuant to CPLR 3215, for a default judgment against the RDX Parties on the CWT Parties' cross-claims. In Motion 22, GEM moves to enforce its settlement agreement with the RDX Parties, dated September 22, 2014 (the Settlement Agreement) (Dkt. 577).[1] The RDX Parties did not file opposition to Motion 21; they opposed Motion 22. On July 22, 2016, after multiple adjournments, the court held oral argument on the motions and reserved decision. For the reasons that follow, Motion 21 is granted and Motion 22 is denied.

---

[1] References to "Dkt." followed by a number refer to documents filed in this action in the New York State Courts Electronic Filing (NYSCEF) system.

1

As previously discussed, the RDX Parties were held in default on November 4, 2015 for their multiple extensive, willful and contumacious violations of this court's discovery orders. The RDX Parties' serial violations are discussed at length on the November 4, 2015 record and in the court's June 3, 2016 decision holding the RDX Parties in contempt. *See* Dkt. 597 (11/4/15 Tr.); Dkt. 614 (the June 3 Decision).[2] For these reasons, the court struck the RDX Parties' defenses to the CWT Parties' cross-claims (which would have been set forth in their answer after their motions to dismiss were denied). *See* Dkt. 563 (11/4/15 Order); *see also* Dkt. 597 (11/4/15 Tr. at 69-70) (holding, with respect to the CWT Parties' cross-claims, that the court is striking "any possible response" by the RDX Parties' to the cross-claims and stating that "[t]here is going to be a default on that if there is a motion for a default judgment.").

The CWT Parties filed the instant motion for a default judgment on November 18, 2015. As noted, the RDX Parties, who were represented by counsel, never responded to the motion.[3] The motion would have been heard and decided in early January 2016 but for the RDX Parties' dilatory tactics discussed in the June 3 Decision, such as filing for bankruptcy[4] on the eve of oral argument on the instant motion and the continuation of the contempt hearing. In any event, now

---

[2] To the extent the court's February 1, 2016 decision (the February 1 Decision) (Dkt. 592) erroneously suggests otherwise (i.e., by indicating that Danzik's motions to dismiss had not yet been ruled on), the court hereby vacates those portions of that decision.

[3] The RDX Parties' bankruptcy could not have been the reason no opposition was filed because opposition papers were due on December 17, 2015 [*see* Dkt. 571 & Dkt. 573 at 3], more than two weeks before the bankruptcy filings on January 4, 2016. Indeed, on December 10, 2015, after Motion 21 had been filed, the RDX Parties filed their opposition to Motion 22. No excuse for failing to oppose the motion has been proffered.

[4] The disposition of the bankruptcy actions and lifting of the automatic stay are discussed in the June 3 Decision. *See* Dkt. 614 at 9.

2

that the RDX Parties have retained their fifth set of attorneys, the default judgment motion has been argued and submitted.

It is well settled that a defaulting defendant "admits all traversable allegations in the complaint, including the basic allegation of liability." *Rokina Optical Co. v Camera King, Inc.*, 63 NY2d 728, 730 (1984); *see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 (2003) ("defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them."); *Port Parties, Ltd. v Merch. Mart Props., Inc.*, 102 AD3d 539, 540 (1st Dept 2013). That being said, a defendant's default does not "give rise to a 'mandatory ministerial duty' to enter a default judgment against it. Rather, [the plaintiff is] required to demonstrate that [it has] a viable cause of action." *Resnick v Lebovitz*, 28 AD3d 533, 534 (2d Dept 2006) (citation omitted); *see Guzetti v City of New York*, 32 AD3d 234, 235 (1st Dept 2006), quoting *Joosten v Gale*, 129 AD2d 531, 535 (1st Dept 1987) ("CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action"). However, "[t]he standard of proof is not stringent, amounting only to some firsthand confirmation of the facts." *Feffer v Malpeso*, 210 AD2d 60, 61 (1st Dept 1994) (citations omitted); *see Whittemore v Yeo*, 117 AD3d 544, 545 (1st Dept 2014).

The CWT Parties' cross-claims asserted against the RDX Parties fall into two categories. First, the claims concern the RDX's Parties theft of $4,654,827 in tax credits, which have been discussed ad nauseum in the court's prior decisions. These claims are pleaded as the eighth and ninth causes of action. The eighth cause of action concerns the RDX Parties' breach of their

3

obligation to hold the tax credits in constructive trust for the CWT Parties, as required by the UPA.[5] The ninth cause of action is for conversion of the tax credits.

There is no question of fact that the tax credits belong to the CWT Parties. The CWT Parties' right to the tax credits under the UPA is clear, and any defense RDX may have had has been stricken. Moreover, Danzik is liable for converting the tax credits because his theft of them was proven at the contempt hearing and is explained in the court's June 3 Decision. The CWT Parties, thus, are entitled to judgment on their eighth and ninth causes of action in the amount of $4,654,827 plus 9% pre-judgment interest from February 20, 2014 (the date the last tax credit payment was deposited by Danzik into his Hometown Bank account).

The second category of claims relates to proceeds provided by the CWT Parties under the March 11, 2013 Letter Agreement with Deja II that were converted by the RDX Parties.[6] The Letter Agreement was discussed in the February 1 Decision. *See* Dkt. 592 at 4-5. This claim is pleaded in the fourth through seventh causes of action for fraudulent inducement of the Letter Agreement, money had and received, conversion, and breach of contract under a third-party beneficiary theory. The court grants judgment on the fraud and conversion claims and dismisses the other two claims as duplicative and unnecessary.[7]

"The elements of a cause of action for fraud [are] a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and

---

[5] The notion that the funds are held in constructive trust was separately ruled on by the bankruptcy court judge in Wyoming. *See* Dkt. 614 at 9, citing Dkt. 605 at 7.

[6] The Letter Agreement indicates that one million Canadian Dollars was owed, but, in fact, $999,975 (i.e., U.S. Dollars) was actually transferred.

[7] The court would have simply granted judgment on the conversion claim, but that claim, unlike the fraud claim, is only pleaded against Danzik, and not RDX.

4

damages." *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 (2009); *see Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 135 (1st Dept 2014). "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v N.Y. Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 (2006). "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *Id.* at 50 (internal citations omitted). "In order to establish a cause of action to recover damages for conversion, the plaintiff must show legal ownership or an **immediate superior right of possession to a specific identifiable thing** and must show that the defendant exercised an unauthorized dominion over the thing in question ... to the exclusion of the plaintiff's rights." *Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916, 919 (2d Dept 2010) (emphasis added; citations and quotation marks omitted).

In this case, Danzik admitted that he took possession of the Letter Agreement proceeds and placed them in another of his company's accounts. *See* Dkt. 570 at 413-16 (Danzik's 9/28/15 affidavit). The RDX Parties falsely represented to the CWT Parties that those proceeds would be used to pay off the GEM Note. That did not occur, the Letter Agreement was breached, and the proceeds were never refunded. These facts suffice to establish that the CWT Parties have a right of possession in the Letter Agreement funds *superior* to the RDX Parties. *See Komolov v Segal*, 101 AD3d 639, 640 (1st Dept 2012); *see also Sterling Nat'l Bank v Goldberg*, 277 AD2d 45, 46 (1st Dept 2000) ("The motion court properly granted summary judgment to Sterling on its action to recover the proceeds of the USSB check, since Goldberg had illegally converted these secured proceeds, to which Sterling had a superior right of

5

possession, which right is unaffected by Goldberg's affirmative defenses and counterclaims"). These facts, moreover, give rise to a claim of fraudulent inducement based on the RDX Parties' misrepresentations regarding the intended use of the proceeds. *See Frank Crystal & Co. v Dillmann*, 84 AD3d 704 (1st Dept 2011) ("To maintain a cause of action for fraudulent inducement of contract, a plaintiff must show 'a material representation, known to be false, made with the intention of inducing reliance, upon which [it] actually relie[d], consequentially sustaining a detriment."), quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275 (1st Dept 2005). Judgment on the fourth and sixth causes of action is granted against the RDX Parties in the amount of $999,975 plus 9% pre-judgment interest from March 27, 2013 (the date the funds were transferred to Danzik).[8]

That being said, GEM's motion to enforce the Settlement Agreement is denied. The court lacks the necessary jurisdiction to do so. After executing the Settlement Agreement in September 2014, the GEM Parties executed and filed a stipulation of discontinuance with prejudice, which was so-ordered by the court on December 3, 2014. *See* Dkt. 266. Neither the Settlement Agreement nor the stipulation of discontinuance contain a provision that retains this court's jurisdiction over a claim for breach of the Settlement Agreement. "Where, as here, a settlement agreement contains an express stipulation of discontinuance ... in accordance with the terms of the settlement, commencement of a plenary action is necessary to enforce the settlement since the court does not retain the power to exercise supervisory control over previously terminated actions and proceedings." *Salvador v Town of Lake George Zoning Bd.*, 130 AD3d

---

[8] While these causes of action also were asserted against third-party defendants Ms. Danzik and Deja II, the claims against those third-party defendants were dismissed for lack of personal jurisdiction in the February 1 Decision. As this court previously ruled, no such jurisdictional concern exists with the RDX Parties. *See* Dkt. 597 (11/4/15 Tr. at 81-83).

6

1334, 1335 (3d Dept 2015), citing *Teitelbaum Holdings, Ltd. v Gold*, 48 NY2d 51, 55 (1979); *see also Rotter v Ripka*, 138 AD3d 567 (1st Dept 2016) (same). GEM, therefore, must commence a new action to enforce the Settlement Agreement.[9] Accordingly, it is

ORDERED that GEM's motion to enforce the Settlement Agreement is denied; and it is further

ORDERED that the CWT Parties' motion for a default judgment against the RDX Parties is granted on the fourth, sixth, eighth, and ninth causes of action in their cross-clams, and the motion is otherwise denied, and it is further

ORDERED that the Clerk is directed to enter judgment in favor of CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting and against Dennis Danzik and RDX Technologies Corporation (f/n/a Ridgeline Energy Services, Inc.), jointly and severally, in the amounts of (1) $999,975 plus 9% pre-judgment interest from March 27, 2013 to the date judgment is entered; and (2) $4,654,827 plus 9% pre-judgment interest from February 20, 2014 to the date judgment is entered.

Dated: August 4, 2016              ENTER:

_____
J.S.C.

SHIRLEY WERNER KORNREICH
J.S.C.

---

[9] GEM has done so, but has not yet served the RDX Parties. *See GEM Holdco, LLC v RDX Techs. Corp.*, Index No. 653694/2015 (Sup Ct, NY County). As noted during oral argument, GEM may seek leave to effectuate alternative service. It also should be noted that a motion to enforce the Settlement Agreement would not have been necessary had the court not struck the RDX Parties' confession of judgment. *See* Dkt. 561 (denying motion to enforce confession of judgment); Dkt. 562 (striking confession of judgment).

7