# EXHIBIT D

At IAS Part 54 of the Supreme Court of the County of New York, at the Courthouse located at 60 Center Street, New York, New York on the ___15___ day of ~~June~~ September, 2016.

**PRESENT: SHIRLEY WERNER KORNREICH**
Shirley W. Kornreich
J.S.C.

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD, <br><br> *Plaintiffs,* <br><br> -against- <br><br> CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION, JEAN NOELTING, RIDGELINE ENERGY SERVICES, INC., DENNIS DANZIK, DOUGLAS JOHNSON and KELLY SLEDZ, <br><br> *Defendants.* | Index No.: 650841/2013 <br> (Kornreich, J.) <br><br> **ORDER OF CONTEMPT AND COMMITMENT** <br><br> **Mot. Seq. Nos: 017 and 020** |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOLETING, <br><br> *Third-Party Plaintiffs* <br><br> -against- <br><br> EDWARD TOBIN, CHRISTOPHER BROWN, DEJA II, LLC, ELIZABETH DANZIK and RES MANAGEMENT, INC., <br><br> *Third-Party Defendants.* | |

Upon the parties' submissions and after an evidentiary hearing and oral argument on the record, the motion to hold Defendant and Cross-Claim Defendants Dennis Danzik ("Danzik") and RDX Technologies, Inc. ("RDX") in civil and criminal contempt is granted pursuant to the Court's decision on the record, and pursuant to Judiciary Law §§ 751, 753 *et seq.*, 773-774, and

the Court's inherent powers.

As set forth in the record and in particular the Court's June 3, 2016 Decision and Order, the Court finds that Danzik and RDX (the "Contemnors") have each intentionally, knowingly and willfully failed to obey this Court's numerous prior orders, including without limitation: (i) this Court's March 18, 2015 Order (the "Attachment Order") attaching and restraining the tax credits in the amount of $3,175,967 [handwritten: Collan] and directing Danzik and RDX to cause that amount to be placed in a segregated bank account and preserved; (ii) this Court's November 4, 2015 Order, modifying the amount of the attached and restrained tax credits to add a further $1,800,000, to the total amount of $4,975,967 [handwritten strikethrough, replaced with: $4,654,827] (the "Tax Credits"); (iii) this Court's numerous discovery rulings, including without limitation the July 23, 2015 Status Conference Order; order from the bench during July 31, 2015 oral argument on Motion Seq. 017; the September 3, 2015 Status Conference Order; oral directions during the September 21, 2015 teleconference and subsequent teleconferences with the Court's law secretary Mr. Rand; (iv) this Court's June 3, 2016 Order, finding Danzik and RDX in civil and criminal contempt for their prior contumacious conduct and ordering them, in order to purge their contempt, to pay the full amount of the Tax Credits by June 15, 2016 in the manner directed by the June 3, 2016 Order; and (v) this Court's June 7, 2016 Order, directing Danzik to surrender his passport and send it to this Court by June 10, 2016.

This Court further finds the Contemnors' disobedience actually did defeat, impair, impede or prejudice the rights and remedies of Defendants / Cross-Claimants CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting (the "CWT Parties").

It is therefore **ORDERED** that the Contemnors be and hereby are found in civil and criminal contempt for the said violations of this Court's prior orders, and

It is further **ORDERED** that the Contemnors may purge of said contempt by complying

with the Attachment Order as modified on the record on November 4, 2015 by replacing the full amount of the Tax Credits, plus interest thereon as set forth in this Court's prior orders, and delivering the amount of $5,777,334.00 $4,654,827 to this Court's registry and paying the full amount of the Fine (defined below, as accrued by such time) and the Attorneys' Fees as set forth below; and

It is further **ORDERED** that the Contemnors be and hereby are each fined in the amount of $10,000.00 per day (the "Fine") until such time as they purge of said contempt as provided in this Order; and

It is further **ORDERED** that Danzik, by reason of his contumacious conduct and refusal to comply with this Court's orders, shall be arrested and committed to the custody of the New York City Department of Corrections and remain being charged with contempt until he shall have purged of said contempt as set forth above; and

It is further **ORDERED** that the New York City Police Department, or any duly authorized law enforcement officer, upon delivery of a copy of this order certified by the Clerk of the Court, shall forthwith on receipt thereof, and without further process, locate and take the body of Defendant Dennis Danzik and deliver such to the Commissioner of Corrections of the City of New York to be detained in close custody until he shall have purged of said contempt as set forth above, or until he shall otherwise be discharged by law; and

It is further **ORDERED** that a warrant for the arrest of Danzik be issued forthwith, and that upon his arrest Danzik be brought before this Court. The record in this matter indicates that Danzik resides in Maricopa County, Arizona and/or in Cody, Park County, Wyoming, and it is therefore further ordered that the New York Police Department Warrant Officer enter the warrant into NCIC and notify the Maricopa County and Park County Sheriffs' Departments after such entry. It is the Court's intention that Danzik be extradited if arrested outside this Court's

jurisdiction, and

It is further **ORDERED** that the Contemnors are jointly and severally liable to pay the full amount of CWT Parties' costs and reasonable attorneys' fees arising from and associated with the Contemnors' contumacious and fraudulent conduct in this litigation (the "Attorneys' Fees"), including without limitation the costs and fees associated with (i) the CWT Parties' motion for a contempt order in this action (Mot. 17), (ii) the CWT Parties' motion to strike the Contemnors' defenses in this action for their violations of the Court's prior orders, (iii) the CWT Parties' efforts to obtain from the Contemnors discovery that they withheld in violation of this Court's prior orders in this action, and (iv) the CWT Parties' motion to restrain Danzik's travel and have him surrender his passport; ~~and (v) Contemnors' bankruptcy actions in Wyoming and Arizona and the CWT Parties' efforts to have those actions dismissed and the automatic stays in them lifted, inasmuch as this Court has already found that the purpose of the bankruptcy filings was to impede the contempt motion~~; and the parties are referred to a Referee to hear and report on the proper amount of the Attorneys' Fees; and the moving parties are to serve a copy of this reference order the Clerk of the Referee part and the reference judgment is severed from the main judgment.

Dated: _____

ENTER:

_____
J.S.C.

9/14/

**SHIRLEY WERNER KORNREICH**
J.S.C