**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona 85004
Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
Tyler Q. Swensen, #015322
admin@wb-law.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Resource Recovery Corporation, | Case No. 2:19-cv-05255-MTL |
| Plaintiff, | |
| vs. | **ANSWER** |
| Inductance Energy Corporation; and Wyo Tech Investment Group, LLC, | |
| Defendants. | |

Defendants Inductance Energy corporation ("Inductance") and Wyo Tech Investment Group, LLC ("Wyo Tech") (collectively "Defendants"), for their Answer to Resource Recovery Corporation's ("RRC") Complaint hereby admit, deny, and affirmatively allege as follows:

## NATURE OF ACTION

1. Defendants deny the allegations in paragraph 1.

2. Defendants deny the allegations in paragraph 2.

3. Defendants admit only that any New York Court order speaks for itself, deny that any such Order was lawful or proper, and Defendants deny the remaining allegations in paragraph 3.

4. Defendants deny the allegations in paragraph 4.

5. Defendants admit only that any Wall Street Journal article, which is irrelevant to anything, speaks for itself and Defendants deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12. Defendants further object and assert that even if what Plaintiff alleges in paragraph 12 of the Complaint is true, then Danzik is an indispensable party to this action. Since Danzik is not named as a Defendant, this action is improper and must be dismissed.

**THE PARTIES**

13. Defendants admit only that RRC is a New York company and lack knowledge or information sufficient to form a belief about the truth about the remaining allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

**JURISDICTION AND VENUE**

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and reserve the right to assert that personal jurisdiction is improper.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and reserve the right to assert that subject matter jurisdiction is improper.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and reserve the right to assert that venue is improper.

## FACTUAL ALLEGATIONS

### A. The New York Court Enters Judgment Against Dennis Danzik and RDX for Defrauding the CWT Parties Out of Millions in Tax Credits

19. Defendants admit only that there was a purported transaction to sell Changing World Technologies, L.P. ("CWT") and Renewable Environmental Solutions, LLC ("RES" and collectively with RRC, the "CWT Parties") to RDX Technologies Corporation ("RDX"). However, RDX's subsequent investigation, overseen by CEO Dennis Danzik, ultimately revealed that this transaction was a fraud and a sham perpetrated by CWT, RES, and its principals, as RES produced a nonfunctioning biodiesel fuel product that did not function or operate properly, which CWT and RDX knew or should have known. Defendants deny the remaining allegations in paragraph 19.

20. Defendants deny that RES or CWT were entitled to anything given their fraud, including any tax credits, as they misstate the terms of the purchase agreement between RDX and the CWT parties, as well as ignoring the jurisdiction of any dispute expressly contained therein. Defendants further deny that RES or CWT were entitled to the tax credits from the IRS, as they were the product of a fraud and sham. Defendants deny the remaining allegations in paragraph 20. Defendants also contend that the CWT Parties had no right to segregate any of RDX's funds as a general creditor and that Danzik did not receive any of the CWT Parties' funds or tax credits.

21. Defendants again deny that RES or CWT were entitled to anything, including any tax credits, as they misstate the contents of the purchase agreement between RDX and the CWT parties. Defendants further deny that RES or CWT were entitled to the tax credits from the IRS, as they were the product of a fraud and sham. Defendants deny the remaining allegations in paragraph 21, and affirmatively assert that these issues are still the subject of an appeal of the

denial of a Rule 5015 Motion in New York and in litigation already ongoing in Arizona and Canada.

22. Defendants again deny that RES or CWT were entitled to anything, including any tax credits, as they misstate the contents of the purchase agreement between RDX and the CWT parties. Defendants further deny that RES or CWT were entitled to the tax credits from the IRS, as they were the product of a fraud and sham. Defendants further deny that Danzik or RDX failed to transfer anything to the CWT Parties. Defendants further deny that Danzik or RDX transferred anything to his wife, Elizabeth Danzik, or companies controlled by Danzik and his wife, including Danzik Applies Sciences, Inc. ("DAS") Defendants deny the remaining allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23, which are completely false and preposterous.

24. Defendants deny the allegations in paragraph 24 and assert that these allegations are categorically false and entirely irrelevant to this action.

25. Defendants assert that any New York Court Order speaks for itself and is irrelevant to this action. An appeal is pending there on the denial of a Motion to Set Aside the Judgment, which was procured by questionable conduct, and not on the merits. Defendants affirmatively assert that any such Court Order was fraudulently obtained, misstates the facts, improperly entered contrary to law. Defendants deny the remaining allegations in paragraph 25.

26. Defendants assert that any New York Court Order speaks for itself and is irrelevant to this action. Defendants affirmatively assert that any such Court Order was fraudulently obtained, misstates the facts, improperly entered contrary to law. Defendants deny the remaining allegations in paragraph 26.

  **B.**  **The New York Court Holds Danzik and RDX in Criminal and Civil Contempt**

27. Defendants assert that any New York Court Order speaks for itself and is irrelevant to this action. Defendants affirmatively assert that any such Court Order was wrongfully obtained, misstates the truth, was not on the merits, and, improperly entered contrary to law. Defendants deny the remaining allegations in paragraph 27.

28. Defendants assert that any New York Court Order speaks for itself and is irrelevant to this action. Defendants affirmatively assert that any such Court Order was fraudulently obtained, misstates the facts, improperly entered contrary to law. Defendants deny the remaining allegations in paragraph 28.

29. Defendants assert that any New York Court Order speaks for itself and is irrelevant to this action. Defendants affirmatively assert that any such Court Order was fraudulently obtained, misstates the facts, improperly entered contrary to law. Defendants deny the remaining allegations in paragraph 29.

30. Defendants assert that any New York Court Order speaks for itself and is irrelevant to this action. Defendants affirmatively assert that any such Court Order was fraudulently obtained, misstates the facts, improperly entered contrary to law. Defendants deny the remaining allegations in paragraph 30.

31. Defendants assert that any New York Court Order speaks for itself and is irrelevant to this action. Defendants affirmatively assert that any such Court Order was fraudulently obtained, misstates the facts, improperly entered contrary to law. Defendants deny the remaining allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32. Danzik did not flee anywhere, nor will he be arrested, imprisoned, or otherwise. The allegations contained in that paragraph are absurd and ridiculous on their face.

33. Defendants deny the allegations in paragraph 33. Danzik did not flee anywhere, nor will he be arrested, imprisoned, or otherwise. The allegations contained in that paragraph are again absurd and ridiculous on their face.

34. Defendants deny the allegations in paragraph 34. Danzik did not flee anywhere, nor will he be arrested, imprisoned, or otherwise. The allegations contained in that paragraph are again absurd and ridiculous on their face.

### C. Danzik Transfers, or Causes the Transfer of, the Magnet Intellectual Property to Wyo Tech for No Consideration

35. Defendants deny the allegations in paragraph 35 and assert that the Inductance website misstates, misquotes, and mischaracterizes any invention or development of any "Magnet Intellectual Property" or Dennis Danzik's involvement therein, including as it relates to the year 2012. Defendants deny the remaining allegations in that paragraph.

36. Defendants deny the allegations in paragraph 36 and assert that the Inductance website misstates, misquotes, and mischaracterizes any invention or development of any "Magnet Intellectual Property" or Dennis Danzik's involvement therein, including as it relates to the year 2012. Defendants deny the remaining allegations in that paragraph.

37. Defendants deny the allegations in paragraph 37 and assert that no one owned any Magnet Intellectual Property in 2012 or that Danzik caused any transfer of anything of value or for no consideration.

#### i. Danzik Owned the Magnet Intellectual Property

38. Defendants admit only that the agreement referenced in paragraph 38 of the Complaint speaks for itself and deny the remaining allegations in that paragraph to the extent they misquote, misconstrue, or mischaracterize the contents thereof.

39. Defendants deny that any transfer occurred at this time.

40. Defendants deny the allegations in paragraph 40.

41. Defendants admit only that the agreement referenced in paragraph 41 of the Complaint speaks for itself and deny the remaining allegations in the Complaint to the extent they misquote, misconstrue, or mischaracterize the contents thereof.

6

42. Defendants deny the allegations in paragraph 42, which are patently ridiculous, frivolous, and made without any good faith basis.

43. Defendants deny the allegations in paragraph 43 and further assert that any Wall Street Journal article speaks for itself, is irrelevant to this action, and to the extent paragraph 43 misstates, misconstrues, or mischaracterizes the contents of that article, Defendants deny the same.

### ii. **Alternatively, RDX Owned the Magnet Intellectual Property**

44. Defendants deny the allegations in paragraph 44 and affirmatively assert that Plaintiff does not have a good faith basis to make such allegations.

45. Defendants deny the allegations in paragraph 45, which are preposterous and made without any good faith basis.

46. Defendants deny the allegations in paragraph 46, which are preposterous and made without any good faith basis. Defendants further move the Court to impose sanctions on Plaintiff pursuant to Fed. R. Civ. P. 11.

47. Defendants deny the allegations in paragraph 47.

48. Defendants assert that any such "agreement" between Danzik and RDX speaks for itself, is irrelevant to this action, and to the extent paragraph 48 misstates, misconstrues, or mischaracterizes the contents of that agreement, Defendants deny the same.

49. Defendants admit only that Danzik was previously an RDX executive and deny the remaining allegations in paragraph 49. Danzik does not own Wyo Tech or Inductance and does not control the companies.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51 and assert that the allegations contained therein are irrelevant.

52. Defendants deny the allegations in paragraph 52.

### iii.  Alternatively, DAS Owned the Magnet Intellectual Property

53. Defendants admit only that the Operating Agreement referenced in paragraph 53 of the Complaint speaks for itself and deny the remaining allegations in that paragraph to the extent they misquote, misconstrue, or mischaracterize the contents thereof.

54. Defendants deny the allegations in paragraph 54.

55. Defendants admit only that the agreement referenced in paragraph 55 of the Complaint speaks for itself and deny the remaining allegations in that paragraph to the extent they misquote, misconstrue, or mischaracterize the contents thereof.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the absurd and frivolous allegations in paragraph 57, which Plaintiff's counsel knows are false and therefore lacks a good faith basis to assert.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

### D.  Wyo Tech Licenses the Magnet Intellectual Property to Inductance

62. Defendants admit only that the operating agreement and website referenced therein speak for themselves. To the extend Plaintiff misconstrues, misstates, or mischaracterizes the contents of these documents, Defendants denies the allegations contained therein.

63. Defendant deny the allegations in paragraph 63.

**FIRST CAUSE OF ACTION**
**(Constructive Fraudulent Transfer**
**Under A.R.S. § 44-1005 Against Wyo Tech)**

64. Defendants hereby incorporate their responses to the allegations in paragraph 1 through 64 of the Complaint

65. Defendant deny the allegations in paragraph 65.

8

66. Defendant deny the allegations in paragraph 66.

67. Defendant deny the allegations in paragraph 67.

68. Defendant deny the allegations in paragraph 68.

69. Defendant deny the allegations in paragraph 69.

70. Defendant deny the allegations in paragraph 70.

71. Defendant deny the allegations in paragraph 71.

**SECOND CAUSE OF ACTION**
**(Constructive Fraudulent Transfer**
**Under A.R.S. § 44-1005 Against Inductance)**

72. Defendants hereby incorporate their responses to the allegations in paragraphs 1 through 71 of the Complaint.

73. Defendant deny the allegations in paragraph 73.

74. Defendant deny the allegations in paragraph 74.

75. Defendant deny the allegations in paragraph 75.

76. Defendant deny the allegations in paragraph 76.

77. Defendant deny the allegations in paragraph 77.

78. Defendant deny the allegations in paragraph 78.

79. Defendant deny the allegations in paragraph 79.

80. Defendant deny the allegations in paragraph 80.

81. Defendant deny the allegations in paragraph 81.

82. Defendant deny the allegations in paragraph 82.

**AFFIRMATIVE DEFENSES**

Defendants allege the affirmative defenses as follows:

83. Plaintiff's Complaint fails to state a claim upon which relief may be granted;

84. Plaintiff failed to join an indispensable party to this action;

85. There was no intend to defraud, delay, or hinder any creditor;

86. Any transfer was consummated with legally adequate consideration;

87. Defendants affirmatively assert that the statute of limitations has run on most, if not all, of the claims in Plaintiffs' Complaint;

88. The Court lacks personal jurisdiction or subject matter jurisdiction over Plaintiff's claims; and

89. Venue is improper;

90. Plaintiff was engaged in fraudulent, illegal, and sham activities as described in Defendants' response to paragraph 19 and is therefore entitled to no relief;

91. Plaintiff's claims may be barred in whole, or in part, by the following defenses: statute of limitations; failure to mitigate injury, assumption of risk, contributory negligence, estoppel, illegality, laches, unclean hands, settlement, accord and satisfaction, release, and waiver.

92. Defendants reserve the right to assert any further affirmative defenses as revealed in discovery in this action.

## **GENERAL DENIAL**

93. Defendants hereby deny any and all allegations in Plaintiff's Complaint not specifically responded to, if any.

## **JURY DEMANDED**

94. Defendants hereby exercise their right to a trial by jury in this matter and demand the same pursuant to Fed. R. Civ. P. 38(b).

**WHEREFORE**, Defendants pray for judgment against Plaintiff as follows:

A. That Plaintiff's Complaint is dismissed and judgment against them;

B. That Plaintiff takes nothing thereby; and

C. That the Defendants receive their fees and costs incurred in responding to this action pursuant to Fed. R. Civ. P. 11 and any other applicable statute or rule.

. . .

. . .

10

**DATED** this 17th day of October 2019.

                          **WILENCHIK & BARTNESS, P.C.**

                          */s/ Dennis I. Wilenchik*
                          Dennis I. Wilenchik, Esq.
                          Tyler Q. Swensen, Esq.
                          The Wilenchik & Bartness Building
                          2810 North Third Street
                          Phoenix, Arizona 85004
                          admin@wb-law.com
                          *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2019, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the individuals registered.

/s/ Hilary Myers